IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM F. MCKNIGHT,           : | |
| :                              | |
| Plaintiff                    : | CIVIL NO. 3:CV-15-626 |
| :                              | |
| v.                             : | |
| :                              | (Judge Conaboy) |
| :                              | |
| CHIEF FORESE, ET AL.,        : | |
| :                              | |
| Defendants                   : | |

___

## **MEMORANDUM**
## **Background**

William F. McKnight, an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy) initiated this pro se civil rights action. Accompanying the Complaint is a request for leave to proceed in forma pauperis. See Doc. 2. The Complaint is currently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b). For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Named as Defendants are Chief Forese, Sergeant William Morgan, and Officer Connor Hedrick of the Lehigh Township, Pennsylvania Police Department.[1] Plaintiff states that on May 24, 2013,

___

[1] Plaintiff notes that Lehigh Township has a mailing address of Gouldsboro, Pennsylvania.

1

Sergeant Morgan applied for the issuance of a search warrant. See Doc. 1, ¶ IV(2). The application was allegedly granted on May 31, 2013 but had expiration date of June 2, 2013.

McKnight indicates that the search warrant was executed on a private residence on June 10, 2013 by Defendants Morgan and Hedrick. During the ensuing search, firearms were seized from the residence. As a result, criminal charges were filed against the Plaintiff. McKnight claims that his constitutional rights were violated in that evidence used against him was seized pursuant to an expired search warrant.[2] Plaintiff seeks compensatory damages for each day he spends incarcerated as well as punitive damages.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d

---

[2] The Complaint adds that Chief Forese acquiesced in the alleged execution of an expired search warrant.

2

1277, 1278 (11th Cir. 1990)).

As discussed above, the Complaint include factual assertions indicating that McKnight is being improperly confined and was subjected to an improper state criminal prosecution. It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to the standards announced in Georgevich and Edwards, Plaintiff's present claims of illegal confinement are not properly raised in a civil rights complaint.

The United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whole unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been

3

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

As previously noted, McKnight's action raises claims that he was subjected to a unconstitutional search and seizure which led to a criminal conviction. Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing federal confinement. There is no indication that McKnight has successfully appealed or otherwise challenged his state criminal conviction.

Consequently, pursuant to Heck, McKnight's instant Complaint to the extent that it seeks an award of monetary damages on the basis of illegal conviction and confinement is premature because he cannot maintain a cause of action for an unlawful conviction or an excessive imprisonment until the basis for the conviction and imprisonment is overturned.

**Conclusion**

Since McKnight's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

                                         S/Richard P. Conaboy
                                         RICHARD P. CONABOY
                                         United States District Judge

DATED: MAY 4, 2015